FILED '09 MAR 17 15:53 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Glen A. Sirrine,                                       CV 07-1288-TC

        Plaintiff,                                 FINDINGS AND
                                                       RECOMMENDATION
  v.

Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits and Supplemental Security Income.

Plaintiff alleges disability beginning April 2, 2001 due to coronary artery disease, a right shoulder injury, a cognitive disorder and a pain disorder. At the time of the ALJ's final

1 - FINDINGS AND RECOMMENDATION

decision plaintiff was 54 years old. He graduated from high school and served four years in the Navy. He worked as a logger, tractor driver, and fence erector. After ceasing work in April of 2001, he returned to work briefly as a logger in late 2001 and early 2002.

As discussed below, the District Court should exercise its discretion to reverse the Commissioner's decision and remand this matter for further proceedings.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability; see 20 C.F.R. § 405.1520(b)

At step two, the ALJ found that plaintiff had the following severe impairments: coronary artery disease, right shoulder strain, cognitive disorder, pain disorder; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform medium work. He could not constantly use his right arm/shoulder or do more than occasional overhead reaching. He could do simple, routine, 1-2-3 step work with occasional co-worker and public interaction ; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff had no past relevant work; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

However, at step five the ALJ, relying on a vocational expert (VE), found that plaintiff could perform other work existing in significant numbers in the national economy, as a hospital cleaner, laundry worker, and dry-cleaning helper; see 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

On appeal to this court, plaintiff contends the ALJ erred by (1) wrongly rejecting the opinions of plaintiff's treating physician; (2) failing to follow SSR-96-8P when formulating

plaintiff's RFC; and (3) finding plaintiff capable of performing other work pursuant to vocational testimony that was based on a defective RFC.

**Plaintiff's Treating Physician**

Plaintiff argues that the ALJ erred by assigning "little weight" and effectively rejecting the opinions of plaintiff's treating physician, Dr. DuVernay. Plaintiff seeks reversal for an award of benefits or, alternatively, plaintiff seeks reversal for further proceedings to more fully develop the record. As discussed below, the District Court should exercise its discretion to reverse the Commissioner's decision and remand this matter for further proceedings to more fully develop the record.[1]

The relative weight given to the opinion of a physician depends on the physician's opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a

---

[1] The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide adequate reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician. Lester, 81 F.3d at 830. Depending on the situation, the reasons must be specific and legitimate or clear and convincing. Id.

Further, a doctor's statement about a claimant's ability to work is not a proper medical source opinion, but an administrative finding reserved to the Commissioner. SSR 96-5p. Disability has both a medical and vocational component. See 20 C.F.R. § 404.1560. Because a medical source does not have the expertise to comment on the vocational component of disability, a statement by a medical source that a person is unable to work is not accorded much weight. See 20 C.F.R. § 404.1527(e)(1). The ALJ must consider medical opinions about a claimant's condition and functional limitations, along with all other evidence in the record, to determine whether a claimant is disabled under the Social Security Act. SSR 96-5p.

In February of 2006, Dr. DuVernay completed a residual functional capacity questionnaire. Some of the questionnaire was illegible. Dr. DuVernay diagnosed plaintiff with heart disease, and with exertional angina and fatigue; he stated that his symptoms included fatigue, chest pain, anginal equivalent pain,

6 - FINDINGS AND RECOMMENDATION

and shortness of breath; and that stress increased these symptoms. TR. 297. He stated that plaintiff could not work eight hours a day, would have difficulty working full-time, and would miss work about three times a month. Tr. 299-301.

Although Dr. DuVernay first treated plaintiff in October, 2004, he indicated that plaintiff had been unable to work since June, 1998. TR. 302. Plaintiff alleges in this action a disability onset date of April, 2001.

The ALJ assigned "little weight" to Dr. DuVernay's RFC questionnaire. TR. 21. The ALJ stated that Dr. DuVernay's examinations of the patient have "all been generally good which clearly contradicts Dr. DuVernay's extreme limitations listed in his fill-in-the blank physical capacity form questionnaire". Id. The ALJ stated that the questionnaire "is not even consistent with or supported by his own treatment and examination notes which consistently reflect that claimant is 'doing well-active'. " Id.
The ALJ stated that "Dr. DuVernay noted the claimant 'returns today doing well without angina and active in his daily routine." TR. 16.

The ALJ also noted and utilized the opinions of State Agency nonexamining medical consultants that conflicted with Dr. DuVernay's assessment and that formed a basis for the ALJ's conclusion that plaintiff had the capacity for medium exertion

7 - FINDINGS AND RECOMMENDATION

with manipulative and vocational non-exertional limitations. TR. 21. The State Agency nonexamining medical consultants' analysis dated January 11, 2005 did not include or have the benefit of the subsequent diagnoses of Dr. Densmore of October 11, 2005. [2]

It is unclear to this court if the ALJ's findings in this matter are supported by substantial evidence in the record. Although defendant is correct that Dr. DuVernay's treatment notes do not expressly indicate a problem with fatigue and angina, there are treatment notes reflecting chest pain( relieved with rest or nitroglygerin) and notes indicating that Dr. DuVernay continued to prescribe Vicodin for pain. The notes also reflect DuVernay giving plaintiff exertion/exercise precautions. Although the notation "doing well" appears in the notes, this can be a relative term. And some of Dr. DuVernay's handwritten notes are illegible. This court also notes that plaintiff appears to have engaged in some heavy exertion (wood chopping and stacking, fence building) and also that there is some question on the duration of such activities and evidence that such activities caused health problems for plaintiff.

Although the ALJ relied on Agency medical consultants, the consultants never performed an exam on plaintiff. Moreover, the

---

[2]Dr. Densmore diagnosed: 1. cervical spine degenerative disc disease with spondylosis; and 2. right shoulder contusion, bursitis/tendinitis, AC joint degeneration and impingement. TR. 295.

8 - FINDINGS AND RECOMMENDATION

consultants did not have the benefit of Dr. Densmore diagnoses made subsequent to the consultants' analysis.

It is appropriate to remand this matter for further proceedings. The ALJ shall recontact Dr. DuVernay to clarify the basis of his opinion and to translate the illegible notes on the questionnaire. Agency medical consultants shall then take another look at this matter in light of Dr. Densmore's diagnoses and the information provided by Dr. DuVernay. The ALJ may consider seeking a consultative exam of plaintiff, but is not required to do so. The ALJ shall then perform a new five-step disability analysis.

## The Formulation and Use of Plaintiff's Residual Functional Capacity.

Plaintiff's remaining arguments regarding the formulation of plaintiff's RFC[3] and the vocational expert's use of such RFC hinge largely on the handling of the evidence provided by Dr. DuVernay. The arguments not related to Dr. DuVernay are not persuasive and, even if they were, there would still be

---

[3] A claimant's residual functional capacity (RFC) is the most an individual can still do despite her limitations. SSR 96-8p. It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Id.

9 - FINDINGS AND RECOMMENDATION

outstanding issues that would need to be resolved before a determination of disability could be made.

All of the parties other arguments have been considered and found unpersuasive.

## RECOMMENDATION

Based on the foregoing, the District Court should exercise its discretion to reverse the Commissioner's decision and remand this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the ALJ shall recontact Dr. DuVernay to clarify the basis of his opinion and to translate the illegible notes on the questionnaire. Agency medical consultants shall then take another look at this matter in light of Dr. Densmore's diagnoses and the information provided by Dr. DuVernay. The ALJ may consider seeking a consultative exam of plaintiff, but is not required to do so. The ALJ shall then perform a new five-step disability analysis.

DATED this 17 day of March, 2009.

_____
Thomas Coffin
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION